Blake, J.
Plaintiff sues to set aside, as an ablate nullity, an act Inter vivos from his debtor to her illegitimate child, one of the defendants in this case, on the grounds that it is a conveyance omnium bonorum expressly prohibited by Article 1484 of the Civil Code, and because a donation between such parties is forbidden by che laws of this State. He seeks to have the property donated declared subject to the satisfaction of a judgment which he holds against the donor.
Defendants, by way of exception, urge that plaintiff is without *6 cause of action on that branch of his case, claiming a nullity for the reason that said act of donation is in violation of a prohibitory law, which is non-actionable as to him ; and as a revocatory action, the same is barred by the prescription of one year.
The judgment of the lower court is in favor of plaintiff decreeing the absolute nullity of the act of donation.
We must first consider the merits of the exceptions urged.
Article 1484 of the Civil Code reads as follows : “ The donation inter vivos shall in no case divest the donor of all his property ; he must reserve to himself enough for subsistence; if he does not do it, the donation will be null for the whole.”
The prohibitory clause in the above Article, in common with all others looking to the nullity of acts of gratuitous donations specified in the Code, seems to have been dictated by motives of sound public policy. The legislator, through this safeguard, intended that no person in the exercise of an unbounded and unwise generosity should divest himself of his worldly goods to the extent of beggaring himself and becoming a burden on society. The moment that the beneficiary becomes ungrateful, unmindful and unsolicitous towards his benefactor, the law affords the latter and his heirs relief by invoking the nullity of his gratuity; but this right seems to be personal to the donor ftnd his heirs, and is not intended 10 be exercised by third parties — strangers to the act.
We hold, therefore, that in so far as the plaintiff is concerned, this branch of his case is unactionable, and that the defendants’ exception in this respect is well grounded in law.
Although we deny the right of the plaintiff to attack the donation in question on the grounds of its absolute nullity under Article 1484 of the Code, we recognize his right to attack the same as having been passed in fraud of his rights as a creditor. This is a right common to all creditors, whatever may be the character of the act sought to be annulled, and the courts upon a proper showing, will quoad their debts, set the same aside, provided in the revocatory action instituted for this purpose the essential allegations of fraud and injury are set forth.
*7 It appears from the evidence in this case that the donee went into possession under the act of donation, and remained in possession more than one year after the plaintiff had obtained his judgment against the donor.
The plea of prescription set up by defendants against the revocatory action must prevail.
Judgment reversed.